**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

TOM GREGORY                                                                                          PLAINTIFF
REG #08860-045

V.                                          NO: 2:14CV00073 JLH/HDY

USA                                                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Tom Gregory, an inmate at the Federal Correctional Institution in Forrest City ("FCIFC"), filed a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"), on June 3, 2014, alleging that he has been denied adequate medical treatment for his cataracts. The Court held an evidentiary hearing on March 11, 2015, at which Plaintiff testified, as did FCIFC employees Michelle Wingo, Rhonda Pierce, and Jessica Hawk. After the hearing, Plaintiff filed a consolidated brief containing a reply to Defendants' response to his motion for summary judgment, and addressing hearing issues (docket entry #28).

### I. Facts

Plaintiff entered FCIFC on May 31, 2013, and was seen by Wingo, a physician's assistant, for an intake physical. At that time, Plaintiff had cataracts in both eyes, and wore eyeglasses (Defendant's exhibit #2). Wingo saw Plaintiff again on June 5, 2013, and requested that he be added to the chronic care clinic (Defendant's exhibit #3).[1] On June 24, 2013, William Resto, M.D., saw

---

[1] Plaintiff had a number of other medical issues not relevant to this lawsuit.

Plaintiff at a chronic care encounter, and ordered that Plaintiff be scheduled for a visit with an optometrist (Defendant's exhibit #4). Plaintiff saw an optometrist on November 14, 2013 (Defendant's exhibit #6). At that time, the optometrist recommended cataract surgery. On November 19, 2013, Wingo completed a consultation request for an ophthalmology visit for possible surgery (Defendant's exhibit #7). The request was deemed medically necessary, but non-emergent. The ophthalmology visit was initially scheduled for May 6, 2014, but Plaintiff was "bumped" because too many other inmates with urgent needs required transport. Plaintiff saw J. Chapman, M.D., on July 15, 2014, and Chapman requested an ophthalmology appointment (Defendant's exhibit #10). On August 7, 2014, Plaintiff saw ophthalmologist Edward Bryant, M.D. (Defendant's exhibit #12), and had surgery on his right eye on December 8, 2014 (Defendant's exhibit #13). According to Plaintiff, the surgery has been a "great success" (docket entry #14). On January 22, 2015, an ophthalmology consult request was completed for cataract surgery on Plaintiff's left eye (Defendant's exhibit #16).

## II. Analysis

The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by an employee, acting in the scope of his employment, under circumstances where a private person would be liable in accordance with the law of the place where the act occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008).

Plaintiff's claim, that the medical care provided by the United States through its employees at FCIFC was deficient, is governed by the Arkansas Medical Malpractice Act. Ark. Code Ann. § 16-114-201, *et. seq.* The Act applies to "all causes of action for medical injury." *Hertlein v. St. Paul Fire and Marine Ins. Co.*, 323 Ark. 283, 286 (1996). When the asserted negligence does not

lie within the fact finder's comprehension as a matter of common knowledge, Arkansas law requires a party claiming medical negligence to prove with expert testimony that a medical provider failed to act in accordance with the standard of care required, and that the failure resulted in injuries that otherwise would not have occurred. Ark. Code Ann. § 16-114-206.

The medical records introduced at the hearing indicate that Plaintiff's vision problems were not ignored, but were evaluated, and Plaintiff eventually received surgery on his right eye, which "dramatically improved" his right eye vision (docket entry #14). Although the process may have taken longer than Plaintiff wished, no evidence was introduced to suggest Plaintiff's vision problems were an acute situation requiring immediate care. *See Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 438 (1999) (no evidence delay in performance of procedure was unusual or failed to meet appropriate standard of care). Plaintiff testified that he experienced no pain while he was awaiting cataract surgery, and he described no harm he suffered as a result of any delay. Additionally, testimony at the hearing indicated that some of the delay was the result of scheduling issues with "outside" medical providers, or emergency needs of other inmates whose transportation was a higher priority. The delay did not result from any negligence on the part of FCIFC employees. Finally, although Plaintiff complained that he was not provided replacement eyeglasses when his broke, he conceded that the optometrist told him he needed to have surgery first, because his prescription would be different after the procedure. There is no evidence that the medical care provided fell short of the standard of care required, and Plaintiff's complaint should therefore be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   12   day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE