**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TOM GREGORY, REG. #08860-045                                                                    PLAINTIFF

v.                                       NO. 2:14CV00073 JLH

UNITED STATES OF AMERICA                                                                      DEFENDANT

**OPINION AND ORDER**

      Tom Gregory filed a motion for reconsideration of this Court's adoption of the magistrate's proposed findings and recommended disposition. The magistrate recommended this Court to dismiss Gregory's tort claim against the United States, which he brought pursuant to the Federal Tort Claims Act. Gregory alleged that employees of the Bureau of Prisons wrongfully denied him cataract surgery and suitable prescription eyeglasses but the magistrate found there was no evidence that the medical care provided to Gregory fell below the applicable standard of care. The motion for reconsideration is denied.

      Gregory argues that the magistrate had no power under 28 U.S.C. § 636 to conduct the evidentiary hearing that led to a recommendation for dismissal of this case. Document #46 at 2. A district court judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition of prisoner petitions challenging conditions of confinement. 28 U.S.C. § 636(b)(1)(B). No dispositive motions were pending at the time of the hearing because the magistrate had already recommended to this Court that Gregory's motion for summary judgment be denied and the government did not file a dispositive motion. Document #25. After the evidentiary hearing, the magistrate recommended that the case be dismissed. Document #30. The motion for reconsideration raises two

issues, the second hinging upon the first: (1) the characterization of the hearing and (2) the application of *Hobbs v. Lockhart*, 46 F.3d 864 (8th Cir. 1995). Document #45.

First, Gregory is correct that while a magistrate may recommend a *sua sponte* order of summary judgment, there must be sufficient notice. Document #46 at 2. In *Hobbs*, the scheduling order stated the time and place of the hearing, directed the plaintiff to file a witness list and a summary of the proposed testimony of each witness, and cited *Spears v. McCotter*. *Hobbs*, 46 F.3d at 868. The scheduling order here provided the same information, except for a citation to *Spears*. Document #8. The Eighth Circuit found the scheduling order to be insufficient to provide notice, even with the citation. *Hobbs*, 46 F.3d at 868. Here, the hearing was not a hearing on a motion for summary judgment but a hearing to determine whether Gregory's claims warranted a trial. *Id*.

Second, Gregory argues that because there were no pending motions and the hearing was not one to consider summary judgment *sua sponte*, the magistrate did not have the power to conduct the hearing. He relies on *Hobbs v. Lockhart* where the Eighth Circuit held that while magistrates do have the power to conduct evidentiary hearings to determine whether a plaintiff's claim should go to trial, the magistrate may not step into the shoes of a jury during those hearings to make credibility determinations.[1] *Hobbs*, 46 F.3d at 868. The plaintiff in *Hobbs* requested a jury trial, which he was entitled to do because he had filed a civil rights action pursuant to section 1983. *Hobbs*, 46 F.3d at 868. But because Gregory filed his cause of action pursuant to the Federal Tort Claims Act, he is not entitled to a trial by jury. 28 U.S.C. § 2402. Therefore, the policy concern relating to the

---

[1] The Eighth Circuit had previously stated: "This process, employed predominantly in the Eastern District of Arkansas, of referring prisoner conditions-of-confinement cases, where a jury is demanded, to a magistrate for determining whether the prisoner can survive a motion for directed verdict should be used cautiously." *Henson v. Falls*, 912 F.2d 977, 979 (8th Cir. 1990).

Seventh Amendment expressed by the Eighth Circuit in *Hobbs* that magistrates would thwart a plaintiff's right to trial by jury during an evidentiary hearing is not a concern here. 46 F.3d at 868. The government relies on this distinction in its opposition to Gregory's motion for reconsideration. Document #51 at 4-8. Ultimately, that distinction is the crux of the Court's reasoning and the basis for denying Gregory's motion.

    Gregory's motion for reconsideration is DENIED. Document #45.

    IT IS SO ORDERED this 31st day of August, 2015.

                                          J. LEON HOLMES  
                                          UNITED STATES DISTRICT JUDGE